UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AIRIAN JOVAN MISURACA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:25-cv-00004-MTK

OPINION AND ORDER

KASUBHAI, District Judge.

Petitioner files this action under 28 U.S.C. § 2254 and applies for leave to proceed in forma pauperis (IFP). Review of Petitioner's application reflects that he is unable to pay the fees for this action, and his IFP application is granted.

However, the Petition fails to name the correct Respondent and Petitioner's claims are untimely and barred from review. Accordingly, the Petition is summarily DISMISSED. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition").

1 - OPINION AND ORDER

DISCUSSION

In his Amended Petition, Petitioner names the United States of America as Respondent. However, Petitioner is in state custody at Snake River Correctional Institution (SRCI), and a state prisoner seeking federal habeas relief must name the state officer having custody of the prisoner as the respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004). In this case, the correct respondent is the Superintendent of SRCI. Normally, the Court would order Petitioner to file a Second Amended Petition and name the correct respondent. However, it is clear from the face of the Amended Petition that Petitioner is not entitled to federal habeas relief.

Petitioner purports to challenge his 2001 convictions for Rape in the Third Degree and Furnishing Alcohol to a Minor. Am. Pet. at 1. Petitioner claims that his guilty plea not was not knowing or voluntary, the main witness provided inconsistent statements, the prosecution failed to disclose favorable evidence, his conviction arose from an unconstitutional search and his involuntary statements, the grand jury was unlawfully empaneled, trial counsel failed to properly investigate and obtain exculpatory evidence, his right to appeal was denied, and the "alleged victim" had a motive to fabricate. Am. Pet. at 5-7.

Petitioner concedes that he did not directly appeal his 2001 conviction or sentence or raise his federal claims in a state proceeding for post-conviction relief (PCR). Am. Pet. at 1-2. Instead, in 2020, Petitioner filed a PCR petition and, citing *Ramos v. Louisiana*, 590 U.S. 83 (2020), claimed that his guilty plea resulted from counsel's failure to properly advise him of issues regarding unanimous jury verdicts in Oregon.[1] Petitioner also raised several pro se claims

---

[1] In *Ramos*, the Supreme Court of the United States held that the Sixth Amendment right to jury trial requires a unanimous jury verdict for serious criminal offenses. 590 U.S. at 93. Although the Supreme Court subsequently held that *Ramos* was not retroactive in federal habeas

and argued that they were cognizable under Oregon's "escape clause." Am. Pet. at 2-3. The PCR court rejected Petitioner's claims on grounds that they were untimely and lacked merit. *Misuraca v. State*, 329 Or. App. 333, 334 (Nov. 29, 2023) (unpublished decision). The Oregon Court of Appeals affirmed in an unpublished opinion, and the Oregon Supreme Court denied review. Am. Pet. at 2-4; *Misuraca v. State*, 329 Or. App. 333 (Nov. 29, 2023), *rev. denied*, 372 Or. 192 (Apr. 11, 2024).

Based on this undisputed record, Petitioner's claims are untimely. Generally, a petitioner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A state court conviction becomes final, and the one-year statute of limitations begins to run, when direct review proceedings have concluded. *See id.* § 2244(d)(l)(A). The limitations period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Petitioner did not directly appeal his convictions and they became final in 2001. The one-year statute of limitations expired long before Petitioner sought PCR relief in 2020, and his federal habeas claims are untimely and barred from federal review.

The only potential timely claim is the *Ramos* claim that Petitioner pursued in the 2020 PCR proceeding. Petitioner does not assert a *Ramos* claim in his Amended Petition, but even if he did, an ineffective assistance claim based on *Ramos* would not have merit. *See Smith v. Kelly*, 318 Or. App. 567, 569 (2022), *rev. denied*, 370 Or. 822 (2023) (holding that trial counsel is not

---

actions, the Oregon Supreme Court held that *Ramos* may apply retroactively on post-conviction review under Oregon law. *Watkins v. Ackley*, 370 Or. 604 (2022).

3 - OPINION AND ORDER

deficient by failing to advise a defendant about jury unanimity issues before *Ramos* was litigated); *Peeler v. Reyes*, 328 Or. App. 110, 119 (2023) (finding that the petitioner's pre-*Ramos* guilty plea was knowing and intelligent because he was correctly informed about the scope of the Sixth Amendment right at the time of his plea).

## CONCLUSION

Petitioner's Application for Leave to Proceed IFP (ECF No. 4) is GRANTED. From the face of the Amended Petition, it is clear that Petitioner is not entitled to federal habeas relief and the Amended Petition (ECF No. 3) is summarily DISMISSED. Petitioner's Motion for Appointment of Counsel (ECF No. 5) is DENIED as moot.

A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 24th day of February 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge